UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOHN IRISH,

    Plaintiff,

  v.

CITY OF SACRAMENTO,

    Defendant.

_____/

NO. CIV. S-04-1813 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

  This matter is before the court on The Law Offices of Charles A. Bonner's motion to withdraw as attorney of record for plaintiff John Irish.[1] Counsel brings this motion on the ground that there has been a "total breakdown of communication" between counsel and plaintiff. Counsel attests that plaintiff no longer trusts him. Plaintiff, however, opposes the withdrawal and

///

///

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

refuses to select a substitute attorney.[2]  (Bonner Decl., filed Oct. 6, 2006, ¶s 3, 5.)

Eastern District Local Rule 83-182(d) requires that attorneys may not withdraw from an action in which they have appeared without leave of the court upon noticed motion.  The Local Rule incorporates the requirements for withdrawal and the Rules of Professional Conduct of the State Bar of California.  The Rules of Professional Conduct of the State Bar of California provide in pertinent part:

> A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules.

Cal. Rules of Prof. Conduct, Rule 3-700(A)(2).  Counsel has complied with these requirements by providing plaintiff notice, on October 5, 2006, of his intent to bring the instant motion, urging plaintiff to retain other counsel immediately, and providing the court with plaintiff's last known address.  (Bonner Decl., ¶s 6, 8.)

Pursuant to California Rules of Professional Conduct, Rule 3-700(C), withdrawal is permitted in certain specified circumstances.  Counsel contends that withdrawal is warranted under Rule 3-700(C)(1)(d), which permits counsel to withdraw where the client's conduct "renders it unreasonably difficult for [counsel] to carry out the employment effectively."  Here,

---

[2] Plaintiff did not file a written opposition to the motion; however, he orally expressed his opposition to the motion to counsel, which counsel describes in his declaration.

2

1  counsel describes that plaintiff has lost trust in him, and that
2  there has been a complete breakdown in communication between
3  counsel and plaintiff.  (Bonner Decl., ¶ 3.)  Under the
4  circumstances, the court finds that withdrawal is warranted as
5  counsel cannot provide adequate representation to plaintiff
6  without plaintiff's full trust and cooperation.

7      Accordingly, based upon the materials submitted by counsel,
8  The Law Offices of Charles A. Bonner's motion to withdraw as
9  attorney of record is GRANTED.  Counsel shall comply with the
10 requirements of California Rules of Professional Conduct,
11 Rule 3-700(D) regarding return of the client's papers and
12 property and the payment of fees.

13     As plaintiff is now proceeding *in propria persona,* pursuant
14 to Eastern District Local Rule 72-302(c)(21), the court refers
15 this action to Magistrate Judge Brennan for all further
16 proceedings. The Clerk is directed to serve the Plaintiff a copy
17 of this order at the following address: 1301 35th Ave.,
18 Sacramento, CA 95822.

19     IT IS ORDERED that any hearing dates currently set before
20 the undersigned are VACATED.

21     IT IS FURTHER ORDERED that the Clerk of the Court reassign
22 this case to Magistrate Judge Brennan.  All future documents
23 filed in the above-captioned case shall reference the following
24 case number: CIV S-04-1813 FCD EFB PS.  The Clerk shall issue an
25 Initial Scheduling Order for Magistrate Judge Brennan.
26 DATED: November 15, 2006

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE